IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TYLISHA JAMES, | ) | |
| | ) | Civil Action No. |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| RANDSTAD US, LLC, | ) | |
| ANTHEM, INC., | ) | |
| and BLUE CROSS BLUE SHIELD OF | ) | |
| GEORGIA FOUNDATION, INC. | ) | |
| | ) | |
|    Defendants. | ) | |
| _____ | ) | |

## <u>COMPLAINT FOR DAMAGES</u>

COMES NOW, Plaintiff Tylisha James ("Plaintiff"), by and through undersigned counsel, and files this Complaint to recover damages for Defendants' unlawful race discrimination and retaliation in violation Title VII of the Civil Rights Act ("Title VII") and 42 U.S.C. § 1981 ("Sec. 1981"). This Complaint is brought against Defendants Randstad US, LLC ("Defendant Randstad"), Anthem, Inc. ("Defendant Anthem"), and Blue Cross Blue Shield of Georgia Foundation, Inc. ("Defendant BCBS") (collectively "Defendants") and shows the Court as follows:

## **JURISDICTION AND VENUE**

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 1343(a)(4).

2.

Defendant is subject to specific jurisdiction in this Court over the claims asserted in this action. In addition, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. In accordance with 28 U.S.C. §§ 1391(b)(1) and (2), venue is appropriate in this Court.

## **PARTIES**

3.

Plaintiff is a citizen of the United States of America, and is subject to the jurisdiction of this Court.

4.

Defendants are qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District. Defendants are subject to specific jurisdiction in this Court over the claims asserted herein.

5.

Defendant Anthem may be served with process by delivering a copy of the summons and complaint to its registered agent, CT Corporation System, 289 S. Culver St., Lawrenceville, GA 30046.  Defendant BCBS may be served with process by delivering a copy of the summons and complaint to its registered agent, CT Corporation System, 289 S. Culver St, Lawrenceville, GA  30046.  Defendant Randstad may be served with process by delivering a copy of the summons and complaint to its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, GA 30092.

## FACTUAL ALLEGATIONS

6.

Plaintiff timely filed a charge of discrimination against Defendants with the Equal Employment Opportunity Commission (EEOC).

7.

Plaintiff requested the right to sue on her charges from the EEOC, which the EEOC subsequently issued on April 30, 2020 (charge #410-2020-01624), June 3, 2020 (charge #410-2020-05303), July 17, 2020 (charge #410-2020-06826 and #410-

2020-06828) entitling an action to be commenced within ninety (90) days of receipt of that notice.

8.

This action has been commenced within ninety (90) days of receipt of both of the "Notices of Right to Sue".

9.

Defendants are now, and at all times relevant hereto, have been employers subject to Title VII.

10.

Defendant Randstad is a staffing company. Defendant Randstad placed Plaintiff with Defendant Anthem and/or Defendant BCBS on or about May 21, 2019 to work as a Global International Support Specialist.

11.

Plaintiff is African-American, black in color.

12.

In late November 2019, Karen Hannon, Plaintiff's supervisor who is white, made the statement to Plaintiff, "you know you're my slave." This statement was made in front of another person, who apologized later to Plaintiff for what she heard said to Plaintiff.

13.

On the same day Plaintiff called her recruiter at Defendant Randstad, Emily. She was shocked and apologized.

14.

On or around December 3, 2019, shortly after the incident, Plaintiff made a race discrimination complaint to Plaintiff's employer's Human Resources Department.

15.

On January, 31, 2020, the employer stated Plaintiff was terminated because there were no more funds available for her position.

16.

Defendants' alleged reason for Plaintiff's termination is pretext for unlawful race discrimination.

17.

As a result of Defendants' unlawful actions, Plaintiff has suffered, *inter alia*, pecuniary and non-pecuniary losses for which she is entitled to recover from Defendants, including lost wages and emotional distress.

18.

At all times relevant, Defendants were Plaintiff's "employer" under 42 U.S.C. § 1981.

19.

Defendant Randstad, Defendant Anthem, and/or Defendant BCBS had control and influence over the terms and conditions of the employment for which Plaintiff was hired, including her job duties, supervision, and rate of compensation.

20.

Defendant Randstad, Defendant Anthem, and/or Defendant BCBS had control and influence over the terms and conditions of the employment for which Plaintiff was hired, inculding supervision and other human resources functions, and rate of compensation.

21.

Defendant Randstad, Defendant Anthem, and/or Defendant BCBS had control and influence over the decision to terminate Plaintiff's employment.

22.

Defendants jointly employed Plaintiff and are therefore jointly liable for violating Title VII by the conduct described herein.

23.

At all times relevant, Defendants were Plaintiff's "employer" under 42 U.S.C. § 1981.

## CLAIMS FOR RELIEF
## COUNT I: TITLE VII RACE DISCRIMINATION  (Termination)

24.

Plaintiff re-allege the preceding paragraphs as if set forth fully herein.

25.

Plaintiff is a member of a protected class, i.e. she is African American and black in color.

26.

Title VII prohibits Defendants from discriminating against Plaintiff on the basis of race.

27.

Defendants violated Plaintiff's rights under Title VII by terminating her employment because of her race.

28.

Defendants intentionally discriminated against Plaintiff, on the basis of Plaintiff's race, in violation of Title VII.

29.

Defendants treated Plaintiff differently than other employees outside of Plaintiff's protected race class. Any alleged non-discriminatory reason given by Defendants for treating Plaintiff differently than employees outside of Plaintiff's protected class is pretext for unlawful discrimination.

30.

As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered damages, including lost wages, emotional distress, humiliation and other indignities.

31.

Defendants willfully and wantonly disregarded Plaintiff's rights, and Defendants' actions toward Plaintiff was undertaken in bad faith.

32.

The acts and omissions of Defendants were willful, malicious and in reckless disregard of Plaintiff's federally protected rights entitling Plaintiff to punitive damages.

33.

Defendants are liable for the damages caused by its discrimination against Plaintiff.

## COUNT II
## DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

34.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

35.

Plaintiff is African American and black in color.

36.

Plaintiff had an employment agreement with Defendants within the meaning of 42 U.S.C. § 1981, under which, *inter alia*, Plaintiff worked for Defendants, and Defendants compensated Plaintiff for work.

37.

Plaintiff performed her contractual obligations.

38.

42 U.S.C. § 1981 prohibits Defendants from discriminating against Plaintiff on the basis of race with regard to the making and enforcing of her employment with Defendants.

39.

Defendants violated Plaintiff's rights under 42 U.S.C. § 1981 by terminating her employment because of her race.

40.

Defendants are liable for the racial discrimination against Plaintiff under a theory of vicarious or direct liability.

41.

Defendants willfully and wantonly disregarded Plaintiff's rights, and Defendants' discrimination against Plaintiffs was undertaken in bad faith.

42.

As a direct and proximate result of Defendants' violations of 42 U.S.C. § 1981, Plaintiff has been made the victim of acts that have adversely affected their psychological and physical well-being.

43.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of Defendants' unlawful discrimination, including lost wages and emotional distress.

44.

Defendants' acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is entitled to punitive damages.

45.

Defendants intentionally discriminated against Plaintiff on the basis of Plaintiff's race and color in violation of 42 U.S.C. § 1981.

**WHEREFORE**, Plaintiff prays the court for judgment and relief as follows:

    (a)       General damages for mental and emotional suffering caused by Defendants' unlawful conduct;

    (b)       Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

    (c)       Damages for lost wages and benefits and prejudgment interest thereon;

    (d)       Reasonable attorneys' fees and expenses of litigation;

    (e)       Trial by jury as to all issues;

    (f)       Prejudgment interest at the rate allowed by law;

    (g)       Declaratory relief to the effect that Defendants has violated Plaintiff's statutory rights;

    (h)       Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendants from further unlawful conduct of the type described herein; and

(i)        All other relief to which they may be entitled.

Respectfully submitted, this 22nd day of July, 2020.

**BARRETT & FARAHANY**

*/s/ Michael Wilensky*
Michael S. Wilensky
Georgia Bar No. 321055
Attorney for Plaintiff

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 537-4161
(404) 214-0125 facsimile
michael@justiceatwork.com